UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VSE CORPORATION | CIVIL ACTION |
| VERSUS | NO. 19-10827 |
| HAROLD KORETZKY AND CARVER, DARDEN, KORETZKY, TESSIER, FINN, BLOSSMAN & AREAUX, L.L.C. | SECTION "R" (4) |

## ORDER AND REASONS

The Court has received the motion to dismiss for failure to state a claim from defendants Harold Koretzky and Carver, Darden, Koretzky, Tessier, Finn, Blossman & Areaux, L.L.C.[1] Because plaintiff VSE Corporation failed to file its suit against defendants within the peremptive period, the Court grants the motion.

### I. BACKGROUND

This case arises from alleged legal malpractice. Plaintiff retained defendants to draft a Collective Bargaining Agreement with the International Association of Machinists and Aerospace Workers, AFL-CIO.[2] Plaintiff

---

[1]  R. Doc. 5.
[2]  *See* R. Doc. 1 at 2 ¶ 8.

alleges that defendant Koretzky recommended that plaintiff include in the Agreement a provision requiring mandatory unpaid breaks.[3] Plaintiff and the machinists' union signed the Agreement in January 2017.[4] But the requirement for unpaid breaks allegedly violated the Fair Labor Standards Act.[5] Consequently, plaintiff was sued in the Eastern District of Texas.[6]

Plaintiff received service of the Texas suit on April 23, 2018.[7] On August 10, 2018, plaintiff allegedly notified defendants of the Texas suit.[8] Not until May 30, 2019, though, did plaintiff file the current action against defendants.[9]

In the current suit, plaintiff alleges that it is entitled to damages as a result of defendants' negligent legal advice.[10] Defendant responded with a motion to dismiss, arguing that plaintiff's claims are perempted.[11]

---

[3] *See id.* at 2 ¶ 9.
[4] *See id.* at 3 ¶ 12.
[5] *See id.* at 3 ¶ 10.
[6] *See id.* at 3 ¶¶ 13-14.
[7] R. Doc. 1 at 3 ¶ 13.
[8] *See id.* at 4 ¶ 17.
[9] *See* R. Doc. 1.
[10] *See* R. Doc. 1 at 4 ¶¶ 16, 18.
[11] *See* R. Doc. 5.

## II. LEGAL STANDARD

To overcome a Rule 12(b)(6) motion, a party must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must "accept all factual allegations in the complaint as true" and "must also draw all reasonable inferences in the plaintiff's favor." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true. *See Iqbal*, 556 U.S. at 678. It need not contain "detailed factual allegations," but it must go beyond "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *See id.* (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand*, 565 F.3d at 257 (citations omitted). The claim must be dismissed if there are insufficient factual allegations "to raise a right to relief above the speculative level," *Twombly*,

550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *see Jones v. Bock*, 549 U.S. 199, 215 (2007).

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). That said, courts may also rely on "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Otherwise, though, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

### III. DISCUSSION

Defendants argue that plaintiff filed this claim outside the applicable peremptive period, and thus the Court should dismiss it.[12] Because the Court's jurisdiction is based on the parties' diversity of citizenship,[13] the Court applies "federal procedural law and state substantive law." *Vincent v.*

---

12  *See* R. Doc. 5 at 1.
13  *See* R. Doc. 1 at 1 ¶ 1.

4

*A.C. & S., Inc.*, 833 F.2d 553, 555 (5th Cir. 1987) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). "And state statutes of limitations are considered substantive for purposes of *Erie* analysis." *Id.* (citing *Guaranty Tr. Co. v. York*, 326 U.S. 99 (1945)). The Court therefore applies Louisiana law on peremption. *See id.*[14]

To state a claim for legal malpractice under Louisiana law, "a plaintiff must prove: 1) the existence of an attorney-client relationship; 2) negligent representation by the attorney; and 3) loss caused by that negligence." *Hamilton v. Burns*, 202 So. 3d 1177, 1182 (La. App. 4 Cir. 2016) (citing *Teague v. St. Paul Fire & Marine Ins. Co.*, 974 So. 2d 1266, 1272 (La. 2008)).

Even if a plaintiff meets all these elements, though, he must bring his claim within the applicable limitations period in order to state a claim.

---

[14] A Court sitting in diversity more precisely applies the choice of law rules of the forum state. *See Kershaw v. Sterling Drug, Inc.*, 415 F.2d 1009, 1011 n.1 (5th Cir. 1969) (stating that it is "incorrect" to state simply that "the statute of limitations of the state in which the case was filed will be applicable," because "*Erie* commands that the *conflict of laws* rules of the forum control"). But under Louisiana choice of law rules, "Louisiana law of prescription/peremption should generally be applied to all civil suits brought in Louisiana courts, regardless of which state's law applies to the underlying substance of the suit." *Henry v. Duane Morris, LLP*, 210 F. App'x 356, 358 (5th Cir. 2006) (citing La. Civ. Code art. 3549). And in any event, the parties both apply Louisiana law in their analyses. *Compare, e.g.*, R. Doc. 5-1 at 4-5, *with* R. Doc. 13 at 4.

Louisiana law provides a "peremptive" period for legal malpractice actions.[15] The peremption statute states:

> No action for damages against any attorney . . . shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

La. R.S. 9:5605. In other words, a claim must be filed within one year of the date that the legal malpractice occurred. If the malpractice is not discovered at its time of occurrence, the claim can be filed within a year of the date that it was discovered, or should have been discovered. But even so, the claim cannot be filed more than three years after the date the malpractice occurred. *See Jenkins v. Starns*, 85 So. 3d 612, 626 (La. 2012) (identifying these three peremptive periods).

Here, the "alleged act, omission, or neglect" was defendants' provision of "negligent advice regarding unpaid breaks,"[16] which plaintiff's Collective

---

[15] "Peremption is a period of time fixed by law for the existence of a right." La. Civ. Code art. 3458. Because peremption defines whether the right exists at all, "[u]nless timely exercised, the right is extinguished upon the expiration of the peremptive period." *Id.*; *see also Naghi v. Brener*, 17 So. 3d 919, 923 (La. 2009).
[16] R. Doc. 1 at 4 ¶ 16.

Bargaining Agreement subsequently mandated.[17] Although the complaint does not identify the exact date defendants allegedly advised plaintiff regarding unpaid breaks, the final agreement containing this provision was signed in January 2017.[18] Consequently, given that the current suit was filed in May 2019—over two years later—the parties do not appear to dispute that the complaint would fall outside the one-year peremption period, if calculated based on the date the malpractice allegedly occurred.

Rather, the parties dispute whether the current suit was filed within one year of the discovery of the alleged malpractice. Defendants claim that the "one-year peremptive period began with the April 23, 2018 service of the [Texas] Suit."[19] Defendants also note that Plaintiff's attorneys in that case had made an appearance by May 10, 2018.[20] Plaintiff, on the other hand, argues that its "knowledge of a lawsuit does not establish that plaintiff was aware their hired counsel committed negligence when drafting the [Agreement]."[21]

If plaintiff had discovered or should have discovered defendants' alleged malpractice by April 23, 2018, the complaint is perempted on its face,

---

[17] *See id.* at 2 ¶ 9.
[18] *See id.* at 3 ¶ 12.
[19] R. Doc. 5-1 at 8.
[20] *See id.* at 7.
[21] R. Doc. 13 at 5.

as plaintiff did not file the current suit until May 30, 2019—over a year after that date. As an initial matter, therefore, the Court examines whether service of the Texas suit triggers the discovery-based peremption period.

"Put . . . simply, the date of discovery is the date the negligence was discovered or should have been discovered by a reasonable person in the plaintiff's position." *Teague*, 974 So. 2d at 1275. A party need not necessarily have actual knowledge of the negligence; rather, constructive knowledge— "whatever notice is enough to excite attention and put the injured party on guard and call for inquiry"—can start the peremptive period. *Id.* (quoting *Campo v. Correa*, 828 So. 2d 502, 510-11 (La. 2012)). That said, "a claimant's mere apprehension that something may be wrong is insufficient to commence the running of peremption unless the claimant knew or should have known through the exercise of reasonable diligence that his problem may have been caused by acts of malpractice." *Id.* at 1276.

Under this test, the date a plaintiff receives notice of a legal filing triggered by alleged malpractice provides the date of discovery. For example, in *Gibsland Bank & Trust Co. v. Kitchens, Benton, Kitchens & Black (APLC)*, 114 So. 3d 529 (La. App. 2 Cir. 2013), the Louisiana Court of Appeal for the Second Circuit considered the type of legal activity necessary to trigger the discovery date. There, a lawyer told a bank that a property title was clean.

*See id.* at 530-31. Based on this opinion, the bank issued a loan to the property owner, with the property as security. *See id.* at 531. Unbeknownst to the bank, though, a third party had a preexisting mortgage. *See id.* When the third party attempted to seize the property, the bank intervened. *See id.* The bank later filed a malpractice suit against the lawyer who had checked the title. *See id.* at 530-31.

Based on these facts, the Louisiana Court of Appeal determined that "[t]he critical inquiry . . . [wa]s the date upon which [the bank] discovered or should have discovered the law firm's mistake." *Id.* at 533. And the court found that this discovery date occurred when the bank became aware of the third party's suit. Specifically, the court held that "the one-year peremptive period began to run . . . when [the bank] received notice that [the third party] had filed suit and was seizing the . . . property based upon his claim that his mortgage outranked the bank's security interest." *Id.* at 534. Because more than a year passed after the bank received notice of the third party's suit before the bank filed its malpractice suit, the court dismissed the claim as perempted. *See id.* at 535.

Applying the holding in *Gibsland* to the facts of the current case reveals that plaintiff's suit falls outside this peremptive period. Here, plaintiff was alerted to defendants' alleged malpractice based on the filings in the Texas

9

case. Specifically, plaintiff was served with the complaint more than a year before the current lawsuit was filed.[22] And this complaint states that plaintiff's "illegal policy or practice [of] providing . . . employees with two 15-minute *unpaid* rest breaks each day . . . violated the FLSA and its implementing regulations."[23] Indeed, plaintiff acknowledges in its own complaint that "[t]his lawsuit alleges that [plaintiff] violated the FLSA by requiring unpaid fifteen minute breaks and associated overtime pay."[24] That is, plaintiff represents that the exact advice allegedly given by defendants led to plaintiff's being sued for contravening federal law.[25] Moreover, not only had plaintiff been served with the Texas complaint—which on its face indicates a deficiency in defendants' advice—but also plaintiff had retained counsel to defend itself against the Texas suit more than a year before filing the current suit.[26]

In *Gibsland*, the Louisiana Court of Appeal found that the peremptive period began to run at the time the plaintiff received notice of the suit calling into question the accuracy of its lawyer's advice regarding a property title.

---

[22] *See* R. Doc. 1 at 3 ¶ 13.
[23] R. Doc. 12-1 at 2 ¶ 2.
[24] R. Doc. 1 at 3 ¶ 14.
[25] *Compare id.* at 2 ¶ 9, *with id.* at 3 ¶ 14.
[26] *Cf.* R. Doc. 12-2 at 1 (application of extension of time to answer complaint filed by plaintiff's counsel in the Texas suit on May 10, 2018).

Likewise here, this Court finds that the peremptive period began to run at the time plaintiff received notice of the suit calling into question the accuracy of defendants' advice regarding the contract provision. Because plaintiff was served with this Texas suit on April 23, 2018—but the current suit was not filed until May 30, 2019—plaintiff filed the instant action more than a year after plaintiff discovered or should have discovered the alleged malpractice.

Defendants further argue that even if plaintiff itself did not receive notice of the alleged malpractice more than a year before it filed this malpractice action, plaintiff's attorney did—and the Court should impute this notice to plaintiff.[27] In *Stevison v. Charles St. Dizier, Ltd.*, 9 So. 3d 978 (La. App. 3 Cir. 2009), for instance, the Louisiana Court of Appeal for the Third Circuit found that the date of discovery was the date a plaintiff's attorney read a motion triggered by alleged malpractice. *See id.* at 981. There, a motion to dismiss contained the necessary information to alert the plaintiff to malpractice. *See id.* at 980. And an attorney would receive service of such a motion. Here, though, the complaint in the Texas suit contained the necessary information to excite plaintiff's attention regarding potential malpractice. And a party receives service of the complaint. Consequently,

---

[27] *See* R. Doc. 5-1 at 8.

the Court need not resort to imputation of notice in order to find plaintiff's claims perempted.

In response to defendants' arguments, plaintiff presents three main defenses. First, plaintiff argues that summary judgment is not appropriate, because genuine issues of material fact remain in dispute.[28] Second, plaintiff argues that the malpractice claim is not ripe until the Texas suit is decided.[29] Third, plaintiff argues that defendants' fraud interrupts any peremptive period.[30]

Plaintiff's first argument—that summary judgment is not appropriate—misunderstands defendants' motion. Plaintiff suggests that the Court should not grant defendants' motion, "because genuine issues of material fact remain disputed."[31] This standard is appropriate for a motion for summary judgment. *See* Fed. R. Civ. P. 56(a). But defendants filed a motion to dismiss under Rule 12(b)(6).[32] And the standard for granting a Rule 12(b)(6) motion is whether plaintiff pleads "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

---

[28] *See* R. Doc. 13 at 3-5.
[29] *See id.* at 5-6.
[30] *See id.* at 6-7.
[31] R. Doc. 13 at 3 (emphasis removed).
[32] *See* R. Doc. 5 at 1.

As discussed in the Court's companion order,[33] the Court's taking judicial notice of court filings does not "convert this motion into one for summary judgment." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *see also Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998). Consequently, whether factual disputes exist is irrelevant to the decision before the Court. The question is whether plaintiff states a claim. And because plaintiff's claim is untimely, plaintiff fails to state a claim.

Plaintiff's second argument—that the malpractice claim is not ripe—does not save plaintiff's claim from peremption. Plaintiff suggests that because the Texas suit has not been decided, plaintiff has yet to suffer any damages.[34] Plaintiff correctly identifies that a legal malpractice claim requires some loss. *See Hamilton*, 202 So. 3d at 1182. Indeed, "[u]ntil the client suffers appreciable harm as a consequence of his attorney's negligence, the client cannot establish a cause of action for malpractice." *Braud v. New England Ins. Co.*, 576 So. 2d 466, 468 (La. 1991), *superseded on other grounds by statute*, La. R.S. 9:5605, *as recognized in Jenkins*, 85 So. 3d at 622.

---

[33] *See* R. Doc. 27.
[34] *See* R. Doc. 13 at 5.

13

But plaintiff incorrectly suggests that the Texas suit must be resolved unfavorably to plaintiff before damages arise. Rather, "[t]he cause of action arises . . . before the client sustains all, or even the greater part, of the damages occasioned by his attorney's negligence." *Braud*, 576 So. 2d at 468. Indeed, "[a]ny appreciable and actual harm flowing from the attorney's negligent conduct establishes a cause of action upon which the client may sue." *Id.*

*Gibsland* again is instructive. There, "the *act* of malpractice occurred when the law firm . . . issued its . . . title opinion incorrectly stating that there were no prior liens or encumbrances." 114 So. 3d at 534 (emphasis added). And "*[d]amage* . . . began to occur when the bank issued its loan believing that it had the superior lien position." *Id.* (emphasis added). The lawsuit involving the loan, of course, did not begin till after the bank issued the loan. And the judgment in that lawsuit did not occur until even later yet. In other words, in *Gibsland*, a legal judgment against the bank was not necessary for damages to start accruing.[35]

Here, the *act* of malpractice occurred when defendant Koretzky allegedly issued his erroneous recommendation to include a contract

---

[35] Indeed, if the *Gibsland* court had used the date of judgment as initiating the peremptive period, plaintiff's suit likely would have been timely. *See Gibsland*, 114 So. 3d at 530-31.

14

provision requiring unpaid breaks.[36] But *damages* began to arise when plaintiff was served with the Texas suit that arose from this advice.[37] Indeed, plaintiff specifically pleads that "[a]s a result of the [Texas] lawsuit, [plaintiff] has been forced to incur attorney fees [and] costs"—in addition to any losses it might suffer as a result of an adverse judgment in the suit.[38] Just as in *Gibsland*, therefore, plaintiff has suffered damages sufficient to begin the peremptive period, even without an opinion in the Texas suit.

Plaintiff also suggests the claim is not ripe, because the *contra non valentem* rule tolled the peremptive period. Under this rule, "continuous representation" of a client can "suspend liberative prescription." *Hendrick v. ABC Ins. Co.*, 787 So. 2d 283, 289 (La. 2001)*, superseded by statute*, La. R.S. 9:5605, *as recognized in Jenkins*, 85 So. 3d at 622-24. But plaintiff relies on old law to make this argument. In *Hendrick*, the court applied "the law in effect before the enactment of [La. R.S.] § 9:5605." *Id*. at 284. And this law provided for *prescription*. *See id*. at 289. But prescriptive periods "simply bar the remedy" rather than "destroy[ing] the cause of action itself." *Naghi v. Brener*, 17 So. 3d 919, 923 (La. 2009) (quoting *Guillory v. Avoyelles Ry. Co.*, 28 So. 899, 901 (La. 1900)).

---

36     *See* R. Doc. 1 at 2 ¶ 9.
37     *See id*. at 3 ¶ 13.
38     *See id*. at 3 ¶ 15.

Here, the parties do not appear to dispute that La. R.S. 9:5605 applies.39 This statute does not create a prescriptive period, though. Rather, it creates a *peremptive* period. *See* La. R.S. 9:5605(B) (identifying the limitations periods as "peremptive periods" as defined by La. Civ. Code art. 3458); *Jenkins*, 85 So. 3d at 626 ("[W]e find La. R.S. 9:5605 clearly provides three peremptive periods . . . ."). And "the continuous representation rule cannot apply to suspend the commencement of these peremptive periods." *Jenkins*, 85 So. 3d at 626; *see also* La. R.S. 9:5605(B) (stating that the peremptive periods at issue "may not be renounced, interrupted, or suspended," per La. Civ. Code art. 3461). Consequently, plaintiff's argument has no merit.

Finally, plaintiff's third argument—that defendants' fraud interrupts the peremptive period—lacks any foundation. Fraud can prevent peremption. *See* La. R.S. 9:5605(E) ("The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953."). The complaint, though, does not purport to assert a fraud claim, and contains no facts suggesting the defendants committed fraud. Fraud must be pleaded with particularity. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the

---

39   *Compare* R. Doc. 5-1 at 5-6, *with* R. Doc. 13 at 4.

16

circumstances constituting fraud or mistake."). To argue that defendants committed fraud, plaintiff refers to correspondence in its opposition memorandum. But, as explained above, the Court cannot consider these documents for the purposes of a Rule 12(b)(6) motion to dismiss.[40] *See Collins*, 224 F.3d at 498. The Court therefore finds no basis for any alleged fraud to prevent peremption.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss.

New Orleans, Louisiana, this __20th__ day of December, 2019.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[40] In any event, the documents were part of a deficient filing that is not in the record. *See* R. Doc. 15 (docket entry identifying memorandum attaching exhibits as deficient).